IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **TEXAS EQUITY DEVELOPMENT ENTERPRISES, LLC**<br>*Plaintiff,*<br><br>v.<br><br>**FAY SERVICING LLC,**<br>**RESIDENTIAL ASSET SUB LLC**<br>*Defendant(s).* | § § § § § § § § § § § § § § § § § | **CAUSE NO.:** 5:22-cv-463 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(a), Defendant(s) FAY SERVICING LLC ("FAY") and RESIDENTIAL ASSET SUB LLC ("RAS") removes this action from the 2ND Judicial District Court of GONZALES County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and as grounds for its removal respectfully shows the Court as follows:

### I.   STATE COURT ACTION

1. On 5/02/2022 Plaintiff TEXAS EQUITY DEVELOPMENT ENTERPRISES, LLC ("TEXAS EQUITY" or "Plaintiff") filed its Original Petition and Application for Temporary Restraining Order ("Original Petition") in the 2ND Judicial District Court of GONZALES County, Texas under Cause No. 28,241.

2. In the Original Petition, Plaintiff asserts claims against Defendant(s) FAY SERVICING LLC ("FAY") and RESIDENTIAL ASSET SUB LLC ("RAS") stemming from foreclosure proceedings of a mortgage encumbering the real property located at 1608 SAINT VINCENT STREET, GONZALES, TX 78629 (the "Property"). Plaintiff seek a declaratory judgment that any foreclosure sale of the Property be deemed void, that title to the property still rests with Plaintiff and that Plaintiff is not in default under the terms of the Loan Agreement. Plaintiff also seeks Injunctive Relief preventing foreclosure and eviction from the Property and for attorneys' fees.

## II.   TIMELINESS OF REMOVAL

3. This suit was filed on 5/02/2022 and Defendant(s) FAY and RAS received a copy of the Petition and Temporary Restraining Order on 5/02/2022. This Notice of Removal is filed within 30 days of the date of the service of the Original Petition and is therefore timely.

## III.   PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court, as the lawsuit is pending within the district and division.[1]

5. The United States District Court for the Western District of Texas, San Antonio Division, is the federal judicial district and division embracing the 2ND Judicial District Court of GONZALES County, Texas, where this action was originally filed.[2]

6. The United States District Court for the Western District of Texas, San Antonio Division has original jurisdiction over this action based on diversity jurisdiction because Defendant(s) FAY and RAS are now, and was at the time this action commenced, diverse in

---

[1] See 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).
[2] See 28 U.S.C. § 124(d).

citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount.[3]

7. Pursuant to 28 U.S.C. § 1446(a) this Notice of Removal is accompanied by copies of the following materials:

| Exhibit | Document |
|---|---|
| A | Civil Cover Sheet and Western District of Texas Supplemental Civil Cover Sheet for Case Removed from State Court; |
| B | List of All Counsel of Record; |
| C | Index of Documents Filed in State Court; |
| D | GONZALES County Central Appraisal District Residential Account Detail Report for the Subject Property. |

8. Simultaneously with the filing of this Notice of Removal, Defendant(s) FAY and RAS are filing a copy of the Notice of Removal in the 2nd Judicial District Court, GONZALES County, Texas pursuant to 28 U.S.C. § 1446(d)

9. Defendant(s) FAY and RAS remove the State Court Action to this Court on the basis of diversity jurisdiction.

## IV.     DIVERSITY JURISDICTION

10. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.00.

A.     **COMPLETE DIVERSITY EXISTS**

---

[3] 28 U.S.C. §§ 1331 and 1332(a).

11. The State Court Action may be removed to this Court because it arises under 28 U.S.C. §1332 (Diversity of Citizenship).

12. TEXAS EQUITY DEVELOPMENT ENTERPRISES LLC is a Texas Limited Liability Corporation. The citizenship of an LLC depends on the citizenship of its members rather than its state of incorporation and principal place of business.[4] According to the Texas Secretary of State the sole member of TEXAS EQUITY DEVELOPMENT ENTERPRISES LLC is EDWARD F. MELCHER JR. is EDWARD F. MELCHER JR. is a resident of, and domiciled in (that is – has his fixed residence) in the State of Texas. Therefore, TEXAS EQUITY DEVELOPMENT ENTERPRISES LLC is a citizen of Texas.

13. Defendant Fay Servicing, LLC is a single member limited liability company. A limited liability company's citizenship is determined by its members.[5] Defendant Fay Servicing has only one member, Fay Management, LLC, which is a Delaware limited liability company. Thus, Fay is a citizen of Delaware for diversity purposes.

14. Defendant RESIDENTIAL ASSET SUB, LLC is a single member limited liability company. A limited liability company's citizenship is determined by its members.[6] Defendant RESIDENTIAL ASSET SUB, LLC has only one member, RESIDENTIAL ASSET MANAGEMENT COMPANY LLC, which is a Delaware limited liability company. Thus, RESIDENTIAL ASSET SUB, LLC is a citizen of Delaware for diversity purposes.

15. Because Plaintiff is a citizen of Texas and Defendant FAY and RAS are not a citizen of Texas or Florida, complete diversity exists between the parties.[7]

   B.   **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

---

[4] *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen*, 757 F.3d 481, 483 (5th Cir. 2014).
[5] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079-80 (5th Cir. 2008).
[6] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079-80 (5th Cir. 2008).
[7] 28 U.S.C. § 1332(c)(1).

16. Where a Defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.[8] A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.[9]

17. In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.[10] Specifically, the Farkas Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."[11] Thus, when a right to property is called into question in its entirety, the value of the property controls the amount in controversy.[12]

18. Further, the Court may also consider actual damages and attorney fees in determining the amount in controversy.[13]

---

[8] *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).
[9] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at 2 (S.D. Tex. Aug. 27, 2009).
[10] *Farkas v. GMAC Mortgage, LLC,* 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010).
[11] *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)).
[12] *Nationstar Mortgage LLC v. Knox*, No. 08- 60887, 351 Fed. App'x 844, 848 (5th Cir. 2009) (*quoting Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg.*, L.L.C., et al., --- Fed. Appx. ----, No. 12-10623, 2013 WL 3929935, at *2 n.2 (5th Cir. July 31, 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).
[13] *White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included

19.     Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs. This is because Plaintiff seeks relief from the conducting of an allegedly wrongful foreclosure sale of the Property[14], and as a result, the entire value of the Property is squarely at issue.[15] According to the GONZALES Central Appraisal District, the 2021 market value of the Property is $234,310.00 and the appraised value of the Property is $234,310.00.[16]

20.     Additionally, Plaintiff seeks actual damages and attorney fees.[17] Although Defendant(s) FAY and RAS will vehemently deny that Plaintiff is entitled to any declaratory relief, actual damages, or attorney fees, when these amounts, along with the value of the Property, are all included in the amount in controversy calculus, it is facially apparent that the value of the relief sought by Plaintiff in this matter exceeds $75,000, exclusive of interest and costs.

21.     Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## V.     CONCLUSION

---

in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

[14] Pl's. Orig. Pet. - Prayer.
[15] *Bardwell v. BAC Home Loans Servicing, LP,* No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48).
[16] Exhibit D.
[17] Pl's. Orig. Pet. - Prayer.

WHEREFORE, Defendant(s) FAY and RAS remove this action from the 2nd Judicial District Court of GONZALES County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

*Respectfully Submitted,*

JACK O'BOYLE & ASSOCIATES

   */s/ Travis H. Gray*
Travis H. Gray
SBN: 24044965
travis@jackoboyle.com
Chris S. Ferguson
SBN:  24068714
chris@jackoboyle.com
P.O. BOX 815369
DALLAS, TX 75381
P: 972.247.0653 | F: 972.247.0642
*ATTORNEYS FOR DEFENDANT(S) FAY SERVICING LLC AND  RESIDENTIAL ASSET SUB LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on May 10, 2022 to:

Gregory Van Cleave
SBN: 24037881
Van Cleave Legal
1520 W. Hildebrand
San Antonio, TX  78201
P: 210-341-6588
F: 210-701-8481
E: greg_v@vancleavelegal.com
*COUNSEL FOR PLAINTIFF*
*TEXAS EQUITY DEVELOPMENT*
*ENTERPRISES, LLC*

 

            */s/ Travis H. Gray*
            Travis H. Gray